UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR McCALLUM,<br><br>            Plaintiff,<br><br>   v.<br><br>BUCKLEY LAW, P.C., et al.,<br><br>            Defendants. | CASE NO. C24-05222-KKE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION |

     Plaintiff Arthur McCallum retained Defendant Buckley Law, P.C., to represent him in dissolution proceedings. After those proceedings continued for a number of years, McCallum filed an action in Clark County Superior Court, alleging claims against the Buckley firm and individual Buckley lawyers for legal malpractice and breach of fiduciary duty. Dkt. No. 1-2. Defendants removed the case to this Court (Dkt. No. 1) and filed a motion to compel arbitration under the terms of Defendants' retention agreement with McCallum. Dkt. No. 7.

     The Court has considered the parties' briefing and the remainder of the record, and heard oral argument on Defendants' motion. *See* Dkt. No. 19. For the reasons below, the Court grants Defendants' motion to compel arbitration and stays this action pending arbitration.

## I.   BACKGROUND

McCallum signed an Attorney Engagement Agreement ("Agreement") drafted by Defendants in July 2019.  Dkt. No. 9 ¶ 2.  It contains the following arbitration clause:

> All disputes, including claims for negligence, arising out of or related to our relationship is subject to binding arbitration pursuant to the procedural rules of the Arbitration Services of Portland, Inc., and we each waive any other forum or venue. The parties will share equally the cost of the arbitrator and will bear their own fees and expenses related to the arbitration.  Because each party is waiving important rights by agreeing to this provision, including a right to a jury trial, you should seek independent advice on whether to waive these rights.  This waiver may be revoked up to five (5) business days after execution of this engagement agreement by submitting a revocation to us in writing.

*Id.* at 4.  In the paragraph following the arbitration clause, the Agreement instructs: "To confirm the engagement, please countersign this engagement and return a copy to our office as soon as possible with the requested retainer."  *Id.*  McCallum's signature appears immediately below an acknowledgment that "I have read, understand, and agree to the foregoing terms" at the end of the Agreement.  *Id*. (emphasis omitted).

In the present action, where McCallum alleges claims of legal malpractice and breach of fiduciary duty, Defendants request that the Court compel the parties to arbitrate McCallum's claims and dismiss the suit or, in the alternative, stay the matter pending arbitration.  Dkt. No. 7 at 9.  This motion is now ripe for resolution.

## II.   ANALYSIS

**A.   Legal Standards**

Written agreements subject to the Federal Arbitration Act ("FAA"), such as the Agreement here[1], "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]"  9 U.S.C. § 2.  The "'principal purpose' of the FAA is

---

[1] The parties agree on this point.  *See* Dkt. No. 7 at 4, Dkt. No. 11 at 4.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 2

to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

The court must compel arbitration if (1) a valid and enforceable agreement to arbitrate exists, and if so, (2) the claims at issue fall within the scope of that agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Courts apply state contract law formation principles to determine the validity of an arbitration agreement. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "The party seeking to avoid arbitration has the burden to show that the arbitration clause is unenforceable." *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013).

**B.    The Agreement is a Valid, Enforceable Contract, Including the Arbitration Clause.**

Defendants ask the Court to compel the parties to arbitrate McCallum's claims based on the arbitration clause of the Agreement. Dkt. No. 7. McCallum does not dispute that the claims presented in this action fall within the scope of the arbitration clause, but he opposes Defendants' motion on the basis that the Agreement itself is not a valid contract under Washington law, and even if it is, its arbitration clause is unenforceable because it is unconscionable. Dkt. No. 11. For the following reasons, the Court disagrees with McCallum as to both arguments.

1. <u>The Agreement is a Valid Contract Under Washington Law.</u>

At the outset, the Court must address whether Oregon or Washington law applies to the Agreement. *See* Dkt. No. 7 at 5–6 (Defendants' motion arguing that Oregon law applies, but that the outcome is the same under Washington law), Dkt. No. 11 at 4 (McCallum's opposition urging the Court to apply Washington law).

A federal district court applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "[T]here must be an actual conflict

between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis." *Seizer v. Sessions*, 940 P.2d 261, 264 (Wash. 1997). "When the result of the issues is different under the law of the two states, there is a 'real' conflict." *Id.* If there is no real conflict, "the presumptive local law is applied." *Id.* Because the Court is not aware of a conflict between Washington and Oregon law material to this dispute, and neither party identifies one, the Court applies Washington law when analyzing the Agreement.

The Court now turns to consider McCallum's first argument, that the Agreement is not a valid contract because it was not fully executed. McCallum asserts that because he alone signed the Agreement, without a countersignature from Defendants, the Agreement does not bind him. Dkt. No. 11 at 8–9.

This argument is not persuasive. "Washington courts have routinely rejected the argument that a written agreement lacked mutual consent if not signed by the party seeking to enforce it." *Burgess v. Buddy's Northwest LLC*, No. C15-5785 BHS, 2016 WL 7387099, at *2 (W.D. Wash. Dec. 21, 2016) (citing *Shelcon Const. Grp., LLC v. Haymond*, 351 P.3d 895, 904 (Wash. Ct. App. 2015)). "The proponent of a contract need only prove the existence of the contract and the other party's objective manifestation of intent to be bound thereby; the unexpressed subjective intent of either party is irrelevant." *Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, Inc.*, 640 P.2d 1051, 1054 (Wash. 1982). Here, Defendants drafted the Agreement and presented it to McCallum to "countersign," which he did. Dkt. No. 9 at 4. These acts unmistakably point to the existence of an agreement between the parties, as McCallum himself acknowledges. *See* Dkt. No. 11 at 9 n.3 ("Mr. McCallum does not argue that the contract was wholly ineffective and does not intend to suggest that Buckley Law P.C. was not retained to represent him ….").

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 4

For these reasons, the Court rejects McCallum's argument that the Agreement should not be enforced against him because it was not signed by Defendants.

2. The Arbitration Clause is Not Unconscionable.

McCallum next contends that the arbitration clause is unconscionable procedurally and substantively, and therefore unenforceable. Procedural unconscionability generally involves "blatant unfairness in the bargaining process and a lack of meaningful choice[.]" *Torgerson v. One Lincoln Tower, LLC*, 210 P.3d 318, 322 (Wash. 2009), *as corrected* (July 16, 2009). "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Zuver v. Airtouch Comm'cns, Inc.*, 103 P.3d 753, 759 (Wash. 2004) (quoting *Schroeder v. Fageol Motors, Inc.*, 544 P.2d 20, 23 (Wash. 1975).

McCallum contends that the arbitration clause is procedurally unconscionable because he "did not have a reasonable opportunity to understand the terms of the arbitration clause before signing the agreement." Dkt. No. 11 at 11. McCallum suggests that Defendants were required to verbally discuss the arbitration clause and its effects with him before he signed the Agreement, but he cites no authority imposing this obligation. *Id*. As one of the factors to be considered when determining whether an attorney's fee is reasonable, Washington's Rules of Professional Conduct ("WRPCs") consider whether the client "received a reasonable and fair disclosure of the fee agreement's material elements" (WRPC 1.5(a)(9)), but the WRPCs do not impose a heightened standard of disclosure to arbitration clauses. *See, e.g.*, *Mann L. Grp. v. Digi-Net Techs., Inc.*, No. C13-59RAJ, 2014 WL 535181, at *5 (W.D. Wash. Feb. 11, 2014) (finding that the lack of a separate discussion regarding an arbitration clause in a retainer agreement did not render inadequate the disclosure of the clause per the WRPCs).

Here, McCallum has not shown that he did not receive a reasonable and fair disclosure of the arbitration clause. Although he characterizes the terms of the arbitration clause in the

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 5

Agreement as "so unclear that … fair disclosure could *only* happen through a discussion[,]" the authority he cites to support that proposition is factually distinguishable. Dkt. No. 11 at 12 (citing *Gorden v. Lloyd Ward & Assocs., P.C.*, 323 P.3d 1074, 1077, 1080 (Wash. Ct. App. 2014)). In *Gorden*, the court found that an arbitration clause that did not acknowledge it limited the client's rights, and contained mutually exclusive terms, was procedurally unconscionable because no attorney discussed, counseled, or advised the client as to the effect of the arbitration clause before she electronically signed an attorney retainer agreement when enrolling in a debt settlement program. *Id*. But here, McCallum met with Defendants in person to sign the Agreement, the arbitration clause fully discloses the limitations on McCallum's rights, and he has not identified mutually exclusive or otherwise confusing terms within the clause. *See* Dkt. No. 11 at 12, Dkt. No. 14 ¶¶ 3, 5. Because McCallum has not identified any procedural irregularities or failures as to Defendants' disclosure of the arbitration clause, he has not shown that the clause is unenforceable due to procedural unconscionability.

Next, McCallum argues that the arbitration clause is substantively unconscionable because it "includes a venue and forum clause which *may* include a hidden choice of law clause … [that] would require Mr. McCallum to arbitrate his claims out-of-state, despite the fact that the underlying [dissolution] case and Defendants' representation occurred in Washington." Dkt. No. 11 at 13. The arbitration clause indeed designates Arbitration Services of Portland, Inc., as the venue/forum for arbitration (Dkt. No. 9 at 4), but McCallum has not shown that the venue/forum clause is overly harsh. McCallum voluntarily selected an Oregon firm to represent him in his Washington dissolution proceedings, and he resides in a county of southwest Washington that borders Oregon. *See* Dkt. No. 1-2 ¶ 2. Moreover, Arbitration Services of Portland's website indicates that it "administers arbitrations and mediations throughout Oregon *and Southwest Washington*." *See* https://www.arbserve.com (emphasis added). Because McCallum has failed to

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION - 6

show that the terms of the arbitration clause lead to overly harsh results, the Court does not find that it is unenforceable due to substantive unconscionability.

Because McCallum has not met his burden to show that the arbitration clause in the Agreement is not valid or enforceable, and has not disputed that the claims presented in this lawsuit fall within the scope of the arbitration clause, the Court will grant Defendants' motion to compel arbitration.

**C.     This Action Shall be Stayed Pending Arbitration.**

Since the parties' completed briefing on this motion, the United States Supreme Court explained that when a federal court finds that a dispute is subject to arbitration and a party requests a stay pending arbitration, the court should stay the matter. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

Here, McCallum requested that the Court deny Defendants' motion to compel and "retain jurisdiction over this matter." Dkt. No. 11 at 13.  Because the request to retain jurisdiction could be construed as a request for a stay, and Defendants requested a stay as an alternative to dismissal (Dkt. No. 7 at 8–9), the Court will stay this matter rather than dismiss it.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to compel arbitration. Dkt. No. 7.  This matter is STAYED pending arbitration.

Dated this 9th day of August, 2024.

Kymberly K. Evanson
United States District Judge